### J. L. NICHOLS AND ANOTHER V. SUSAN PAGE.

The act of August 13, 1870, section twelve, provides that " all causes appealed from a justice's court shall be tried *de novo* in the district court, and such trial shall be final, without appeal to the Supreme Court." *Held*, that this provision applies as well to cases taken up from the justice's courts to the district courts by *certiorari*, as to those taken up by appeal; and the judgments of the district courts being final in such cases, this court can acquire no jurisdiction of them, either by writ of error or by appeal.

ERROR from Travis. Tried below before the Hon. J. P. Richardson.

Suit before a justice of the peace for the value of certain furniture, and for damages, brought by Page against the plaintiffs in error. The plaintiffs in error, being cast in the justice's court, took the case to the district court by writ of *certiorari*. The district court dismissed the *certiorari*, on motion of Page, the plaintiff. The defendants obtained a writ of error with the view of having the judgment of the district court revised by this court.

*T. D. Mosely* and *George H. Gray*, for the plaintiffs in error.

*Sheeks & Sneed*, for the defendant in error.

WALKER, J.—This was an action commenced in a justice's court for a sum less than one hundred dollars. It was taken on *certiorari* to the district court, and the *certiorari* was dismissed.

The case is improperly before this court. By the twelfth section of the act of August 13, 1870, the action of the district court was final, and no appeal or writ of error can be brought to this court. It makes no difference that the case was taken up on *certiorari*. The case is dismissed.

Dismissed.