## L. GREER v. J. J. OSBORNE.

Since 1866 there has been no authority for bringing to this court a civil cause which originated in a justice's court.

ERROR from Lamar.   Tried below before the Hon. A. H. Latimer.

The opinion states the case.

*A. M. Jackson*, for the plaintiff in error.

*W. B. Wright*, for the defendant in error, moved to dismiss the writ of error.

OGDEN, J.   A judgment was obtained in a justice's court in this case in 1867, and was taken to the District Court by an appeal.   In October, 1867, a motion was filed in the District Court to dismiss the appeal for want of a sufficient appeal bond, but no action appears to have been taken on the same.   In 1868, an amended motion to dismiss was filed, but this last motion remained unnoticed by the court until 1871, when the court entered up an order *nunc pro tunc*, dismissing the cause, and a writ of error was sued out to bring the cause into this court; and here another motion is filed to dismiss.   Under the statute of 1866, a judgment taken from a justice's court, to the District Court, was tried in the latter court *de novo*, and the judgment there rendered was final, without an appeal to the Supreme Court.   A similar statute was passed under our present Constitution, in 1870.   There has, therefore, been no law since 1866, that authorized the taking a cause which had originated in a justice's court to the Supreme Court, either by appeal or writ of error.   (Nichols *v.* Page, 34 Texas, 333.)   The motion of defendant in error is therefore sustained, and the writ of error dismissed.

Writ of error dismissed.